UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


ANTHONY L. COOPER, etc.,

       Plaintiff,

v.                           Case No. 3:06-cv-202-J-32MMH

GOV. JEB BUSH, et al.,

       Defendants.

_____

**ORDER**[1]

Plaintiff Cooper, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a pleading entitled, "Petitioner Emergency Relief Petition for Investigation" (Doc. #1) (hereinafter Complaint). On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA) which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

>which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court takes judicial notice of Case Number 4:02cv76-RH, which was brought by Plaintiff Cooper in the United States District Court for the Northern District of Florida, Tallahassee Division. In a Report and Recommendation (Doc. #4) entered in that case on March 7, 2002, the court recommended that Plaintiff's case be dismissed because he had filed the following cases in that court that were dismissed on the grounds that they were frivolous, malicious or failed to state a claim upon which relief may be granted: (1) 3:00cv135; (2) 4:98cv197; (3) 3:00cv89; and, (4) 3:00cv51. The Report and Recommendation was adopted by the District Court Judge, and the case was dismissed on April 18, 2002.

Because Plaintiff has had three or more qualifying dismissals and is not under imminent danger of serious physical injury,[2] this

---

[2] Plaintiff claims that several correctional officials moved him from his protective custody cell to another wing at the prison, "know[ing] That He Would Be '(killed, murdered.)'[.]" Complaint at 3. The Court notes that Plaintiff has filed over sixty cases in this Court, and he has repeatedly claimed that he is in imminent danger of being murdered or committing suicide. In fact, in some cases, he has claimed that he has already committed suicide and plans on doing it again. Thus, the Court finds Plaintiff's claims of imminent danger to be incredible. Furthermore, Plaintiff's vague and conclusory allegations of possible future harm are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g). See Luedtke v. Bertrand, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) ("Luedtke's vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are not enough.

action will be dismissed without prejudice.  Plaintiff may initiate a new civil rights action by filing a civil rights complaint form and paying the full $250.00 filing fee.

Even assuming that Plaintiff could meet the imminent danger exception to dismissal, this case will be dismissed due to the following deficiencies.  It appears that Plaintiff is attempting to raise civil rights claims; however, he failed to complete the appropriate form to present these claims.  Furthermore, Plaintiff did not advise the Court of his prior civil rights actions so that the Court can determine whether Plaintiff has raised the claims previously.  Plaintiff also failed to demonstrate that he exhausted his administrative remedies with respect to each of his claims. See 42 U.S.C. § 1997(e).[3]  Additionally, Plaintiff failed to adequately identify the Defendants and he did not provide the Court with any copies of the Complaint for service of process upon the Defendants.  Finally, he failed to either file a request to proceed as a pauper or pay the $250.00 filing fee.

Accordingly, for all of the above-stated reasons, this case will be dismissed without prejudice.  However, in an abundance of

---

These allegations are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury.").

[3] In fact, it is clear that Plaintiff has not exhausted his administrative remedies because the copy of the grievance he appended to his Complaint was submitted to prison authorities on the same day he signed his Complaint, February 17, 2006.

caution, the Court will direct the Clerk to send a copy of the Complaint and this Order to the Warden of Florida State Prison for whatever action he deems appropriate in light of Plaintiff's claim that he is in imminent danger because he was removed from protective custody.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   This case is **DISMISSED** without prejudice.

2.   The Clerk shall enter judgment dismissing this case without prejudice.

3.   The Clerk shall send, via facsimile, a copy of the Complaint and this Order to the Warden of Florida State Prison for whatever action he deems appropriate in light of Plaintiff's claim that he is in imminent danger because he was removed from protective custody.

4.   The Clerk shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of March, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

ps 3/3
c:
Anthony L. Cooper

- 4 -